UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO,<br><br>      Plaintiff,<br><br>vs.<br><br>C/O RUIZ, et al.,<br><br>      Defendants | Case No. 1:14 cv 00975 GSA PC<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE IN THIRTY DAYS |

**I.**     <u>**Screening Requirement**</u>

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 22, 2014 (ECF No. 9).

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against defendant correctional officials at Corcoran State Prison, where the events at issue occurred. Plaintiff names as defendants Correctional Officer (C/O) Ruiz and C/O Boyd.

Plaintiff alleges that on November 1, 2013, he was sent to Administrative Segregation as a result of a physical assault (Plaintiff was the victim). C/O Boyd was assigned to perform an inventory of Plaintiff's personal property. Plaintiff alleges that he did not receive a receipt for his personal property until he had been in AdSeg for two days. Plaintiff did not know what items were missing from his property until after he had been to committee and his personal property was returned to him. Plaintiff told C/O Ruiz that some of the property in Plaintiff's box did not belong to him, but to another inmate with the same name. Two days later C/O Ruiz, along with Plaintiff, sorted out the property. Plaintiff alleges that he was still missing items and did not get reimbursed for them.

### A. **Deprivation of Property**

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson, 468 U.S. at 533.

California law provides an adequate post-deprivation remedy for any property deprivations. See Ca. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to the suit. State v. Superior Court of Kings County Bodde, 32 Cal. 4th 1243, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477.

Here, the facts alleged clearly indicate that the confiscation of his property was unauthorized. Plaintiff's remedy may therefore be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint that alleges compliance with the California Tort Claims Act.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 7, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE