UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO, | 1:14-cv-00975-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND, WITHOUT PREJUDICE (Doc. 13.) |
| vs. | |
| C/O RUIZ, et al., | |
| Defendants. | |

## I.    BACKGROUND

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 23, 2014.  (Doc. 1.)  On August 22, 2014 and September 2, 2014, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Docs. 10, 11.)  On November 9, 2014, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 11.)  On December 1, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 12.)

On December 22, 2014, Plaintiff filed a motion for leave to amend the complaint. (Doc. 13.)

1

## II.     RULE 15(a) – LEAVE TO AMEND

### A.     <u>Legal Standard</u>

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a).  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  <u>Id.</u>  Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  <u>Id.</u>  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting <u>Bowles v. Reade</u>, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B.     <u>Plaintiff's Motion</u>

Plaintiff seeks to amend the complaint to add allegations that sometime after November 1, 2013, C/O Boyd did an inventory of Plaintiff's personal property and "intentionally lost or threw away [his] personal property as a result of [C/O Boyd's] negligence (*sic*) failure to act with reasonable care."  (Motion, Doc. 13 at 2-3 ¶4.)  Plaintiff submits evidence that he submitted a 602 appeal concerning this matter on November 22, 2013.  (<u>Id.</u>, Exhibits.)

#### *Property Claims*

Prisoners have a protected interest in their personal property.  <u>Hansen v. May</u>, 502 F.2d 728, 730 (9th Cir. 1974).  While an authorized, intentional deprivation of property is actionable under the Due Process Clause, <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing <u>Logan v. Zimmerman Brush Co.</u>, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); <u>Quick v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation

of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

### *Discussion*

Plaintiff alleges that C/O Boyd intentionally and negligently lost or discarded his personal property, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff has not submitted evidence that he complied with California's Tort Claims Act by presenting a written claim concerning this property claim which was acted on or rejected.[1] Therefore, the court cannot determine whether it would be futile for Plaintiff to bring this property claim in a Second Amended Complaint. Accordingly, Plaintiff's motion for leave to amend shall be

///

---

[1] In the First Amended Complaint, Plaintiff submits evidence that he filed claims with California's Victim Compensation and Government Claims Board (VCGCB). (Doc. 12 at 8-11, 18.) However, there is no evidence that the VCGCB claims concerned his loss of property in November 2013, or that final action was taken on the claims.

denied, without prejudice to renewal of the motion showing evidence of compliance with California's Tort Claims Act.

**III.    CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint, filed on December 22, 2014, is DENIED, without prejudice to renewal of the motion showing evidence of compliance with California's Tort Claims Act, as discussed in this order.

IT IS SO ORDERED.

Dated:    **December 30, 2014**            **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE