UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>C/O RUIZ, et al.,<br><br>　　　　Defendants. | 1:14-cv-00975-GSA-PC<br><br>ORDER DENYING MOTION TO FILE PROPOSED SECOND AMENDED COMPLAINT<br>(Doc. 19.) |

## I.   BACKGROUND

Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 23, 2014.  (Doc. 1.)  On August 22, 2014 and September 2, 2014, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (Docs. 10, 11.)  On November 9, 2014, the court issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (Doc. 11.)  On December 1, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 12.)

On February 22, 2015, Plaintiff filed a motion to amend the complaint.  (Doc. 13.)  On December 30, 2014, the court issued an order denying Plaintiff's motion, without prejudice to renewal of the motion showing evidence of compliance with California's Tort Claims Act.  (Doc. 14.)

On March 10, 2015, the court erroneously filed and served an order in this case that was meant for another case titled Gonzalez v. Mims. (Doc. 17.) The order dismissed Gregory Gonzalez's complaint with leave to amend. (Id.) On March 12, 2015, the Clerk entered a notice on the court's docket disregarding the erroneous order as improperly filed. (Doc. 18.)

On March 26, 2015, Plaintiff lodged a proposed Second Amended Complaint. (Doc. 19.) The court construes this document as a motion for leave to amend.[1]

## II.     RULE 15(a) – LEAVE TO AMEND

### A.     Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

### B.     Plaintiff's Motion

Plaintiff seeks to file a Second Amended Complaint. Plaintiff's proposed Second Amended Complaint names as defendants Correctional Officer (C/O) Ruiz and C/O Boyd,

---

[1] The court recognizes that Plaintiff may have submitted the Second Amended Complaint in response to the erroneously-filed order. However, as discussed above, the order did not grant Plaintiff leave to amend the complaint.

officers at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff alleges that sometime after November 1, 2013, C/O Boyd did an inventory of Plaintiff's personal property. C/O Ruiz returned the property to Plaintiff, with items missing. Plaintiff attempted to file a case in small claims court and submitted a 602 inmate appeal concerning this matter, which was rejected at the first level of review. Plaintiff brings negligence claims against C/O Ruiz and C/O Boyd for the loss of his property.

### *Property Claims*

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). While an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police

Dept., 839 F.2d 621, 627 (9th Cir. 1988).

### *Discussion*

Plaintiff's motion to file the proposed Second Amended Complaint shall be denied. In the court's order of December 30, 2014, Plaintiff was granted leave to renew his motion to amend, "showing evidence of compliance with California's Tort Claims Act." (Doc. 14 at 4.) Plaintiff has not shown any evidence of compliance with California's Tort Claims Act. The proposed Second Amended Complaint fails to state any claims upon which relief may be granted under § 1983, making it futile to allow Plaintiff to file the Second Amended Complaint. This case shall proceed on the First Amended Complaint, filed on December 1, 2014, which shall be screened by the court in due time.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to file his proposed Second Amended Complaint, filed on March 26, 2015, is DENIED; and

2. Plaintiff's First Amended Complaint, filed on December 1, 2014, shall be screened by the court in due time.

IT IS SO ORDERED.

Dated:   **March 30, 2015**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE