# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO CRUZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O RUIZ, et al.,<br><br>　　　　Defendants. | Case No.  1:14-cv-00975-SAB-PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff Cruz is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]  Pending before the Court is Plaintiff's December 1, 2014, first amended complaint, filed in response to the November 7, 2014, order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.  (ECF No. 11.)

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Kern Valley State Prison, brings this civil rights action against Defendant Correctional Officer (C/O) Ruiz and Appeals Coordinator Ramos, employees of the CDCR at Kern Valley State Prison.   In the original complaint, Plaintiff named as Defendants C/O Ruiz and C/O Boyd.

In the order dismissing the original complaint, the Court noted the following allegations.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on August 22, 2014. (ECF No. 9.)

1

1  Plaintiff alleged that on November 1, 2013, he was sent to Administrative Segregation as a result
2  of a physical assault (Plaintiff was the victim).  C/O Boyd was assigned to perform an inventory
3  of Plaintiff's personal property.  Plaintiff alleged that he did not receive a receipt for his personal
4  property until he had been in Administrative Segregation for two days.  Plaintiff did not know
5  what items were missing from his property until after he had been to committee and his personal
6  property was returned to him.  Plaintiff told C/O Ruiz that some of the property in Plaintiff's box
7  did not belong to him, but to another inmate with the same name.  Two days later C/O Ruiz,
8  along with Plaintiff, sorted out the property.  Plaintiff alleged that he was still missing items and
9  did not get reimbursed for them.

10  Plaintiff was advised that the Due Process Clause protects prisoners from being deprived
11  of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and
12  prisoners have a protected interest in their personal property Hansen v. May, 502 F.2d 728, 730
13  (9th Cir. 1974).  However, while an authorized, intentional deprivation of personal property is
14  actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532 n. 13
15  (1984)(citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d
16  1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of
17  property by a state employee "constitute a violation of the procedural requirements of the Due
18  Process Clause of the Fourteenth Amendment if a meaning post-deprivation remedy for the loss
19  is available."  Hudson, 468 U.S. at 533.  California law provides an adequate post-deprivation
20  remedy for any property deprivations.  Barnett v. Centoni, 31 F.3d 813, 816-817 (9th Cir.
21  1994)(citing Cal. Gov't Code §§ 810-995).  The Court dismissed the original complaint on the
22  ground that Plaintiff had clearly alleged an unauthorized deprivation of property.  Plaintiff had
23  not alleged compliance with the California Tort Claims Act, and therefore his property claim was
24  not cognizable under federal law.  Id.

25  In the December 1, 2014, first amended complaint, Plaintiff essentially restates the
26  allegations of the complaint.  Plaintiff alleges that C/O Ruiz improperly deprived him of his
27  personal property.  Plaintiff does not allege compliance with the California Tort Claims Act, and
28  therefore does not state a property claim.  Plaintiff does, however, include a conclusory

1 allegation that C/O Ruiz "lost and damage personal property as retaliation, vengeance,
2 negligence, and with intentional wrong doing to inflict emotional distress." (Am. Compl. p. 4.)
3 Plaintiff also adds the allegation that Defendant Appeals Coordinator Ramos "has denied me my
4 right to exhaust all administrative remedies through all level of appeals by not responding to
5 grievance appeals within the administrative appeal timeline. (Id. p. 3.)

6   In the order dismissing the original complaint, Plaintiff was advised that in the first
7 amended complaint, he could not change the nature of this suit by adding new, unrelated claims
8 in his amended complaint. (ECF No. 11 at 4:6.)   The Court finds that Plaintiff's claims
9 regarding his appeals process are unrelated to the conduct at issue in this lawsuit.  Plaintiff's
10 allegations in the original complaint were limited to the loss of his property.  Plaintiff was
11 advised that because he did not allege compliance with state law, the claim must be dismissed.
12 Any conduct relating to the inmate grievance process is unrelated to the claim in this action.
13 Further, there is no liberty interest in a prison grievance procedure as it is a procedural right only.
14 Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th
15 Cir. 1993).  The prison grievance procedure does not confer any substantive rights upon inmates
16 and actions in reviewing appeals cannot serve as a basis for liability under section 1983.
17 Buckley, 997 F.2d at 495.  This claim should therefore be dismissed.

18   As to Plaintiff's claim that C/O Ruiz deprived Plaintiff of property in retaliation, Plaintiff
19 is advised that A viable claim of retaliation in violation of the First Amendment consists of five
20 elements:" "(1) an assertion that a state actor took some adverse action against an inmate (2)
21 because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's
22 exercise of his First Amendment rights, and (5) the action did not reasonably advance a
23 legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord
24 Watison v. Cartier, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 169
25 (9th Cir. 2009).

26   However, Plaintiff's conclusory allegations do not sufficiently support an inference that
27 his property was taken because of any protected activity.  Plaintiff's allegations amount to
28 nothing more than a conclusion that his property was lost in retaliation.  "Mere speculation that

[a defendant] acted out of retaliation is not sufficient," Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014), and the complaint lacks any specific facts supporting improper motive. Watison, 668 F.3d at 1114.  The Court is mindful that Plaintiff is proceeding pro se and this is the pleading stage, but the mere possibility of misconduct fails to support a claim. Ashcroft v. Iqbal, 556 U.S. at 662, 678 (2009).  Plaintiff's bare allegation of retaliatory motive fails to state a claim for relief.

In the November 7, 2014, order, the Court informed Plaintiff of the deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed to state a claim upon which relief could be granted.  Because Plaintiff has not filed an amended complaint that corrects the deficiencies or that states a claim for relief, the Court dismisses the claims made in the original complaint with prejudice for failure to state a federal claim upon which the Court could grant relief.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(prisoner must be given notice of deficiencies and an opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted.
2. This action shall count as a strike within the meaning of 28 U.S.C. § 1915(g); and;
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:  **January 6, 2016**

UNITED STATES MAGISTRATE JUDGE

4